UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No.  2:12-cr-00154 JAM |
|---|---|
| Plaintiff, | |
| v. | **ORDER RULING ON DEFENDANT'S MOTIONS AND REQUESTS** |
| YASIR MEHMOOD, | |
| Defendant. | |

On January 13, 2015, the Court heard argument from Defendant Yasir Mehmood and the United States on numerous defense motions. The Court's rulings at that hearing as set forth in the chart below are herein made final.

I.  ORDER

| Doc.# | Motion | Disposition | Reasoning |
|---|---|---|---|
| 62 | MOTION to get Oral, Written, or Recorded Statements from U.S. Attorney | NOT A MOTION | Actually a request for discovery under Rule 16(a). In its supplemental opposition (Doc. #295), the Government has made updated representations as |

1

| | | | |
|---|---|---|---|
| | | | to the discovery that has been provided to Defendant.  The Court will inquire as to the status of discovery at the 2/17/15 hearing. |
| 135 | MOTION TO DISMISS count 34 | DENIED AS MOOT | Count 34 is not charged in the Third Superseding Indictment. |
| 136 | MOTION for Discovery | MOOT/NOT A MOTION | Actually a request for discovery under Rule 16(a).  See Doc. #62. |
| 139 | LETTER re: Speedy Trial Act | DENIED | Court properly determined excludable time based on specific findings of fact. |
| 140 | MOTION as to defect in the indictment | DENIED AS MOOT | Second Superseding Indictment is no longer controlling. |
| 143 | MOTION to VACATE forfeiture of bail amount | DENIED | Magistrate Judge found that Defendant had violated the conditions of his release and ordered Defendant detained. |
| 146 | MOTION to DISMISS the indictment | DENIED AS MOOT | Duplicative of #139.  Court properly determined excludable time based on specific findings of fact. |
| 147 | MOTION to produce certified images/video tape from victim bank | MOOT/NOT A MOTION | Actually a request for discovery under Rule 16(a).  See Doc. #62. |
| 148 | MOTION to DISMISS counts 19, 20, 21, and 22 | PENDING | Court has ordered further briefing as to (1) whether there was any loss to the bank, and (2) whether loss is an element of the bank fraud statute. |
| 149 | MOTION to defect in indictment in count 35 of 2nd superseding indictment | DENIED | Allegations in the indictment must be accepted as true on a motion to dismiss. |

2

| | | | |
|---|---|---|---|
| 150 | MOTION for disclosure of criminal records of government witnesses | DENIED WITHOUT PREJUDICE | Premature request for material that is impeaching of government witnesses under Giglio. |
| 152 | MOTION for bill of particulars for counts 36 and 37 of second superseding indictment | DENIED | Indictment and discovery provided by the government adequately advise Defendant of the charges against him. |
| 154 | MOTION for bill of particulars for counts 1, 13, 14 of second superseding indictment | DENIED | Indictment and discovery provided by the government adequately advise Defendant of the charges against him. |
| 156 | MOTION to DISMISS counts 13, 14, 26 | DENIED | Mere adding of a new charge before trial does not give rise to an appearance of vindictiveness. |
| 157 | MOTION to DISMISS counts 17, 18, 23, 24 | PENDING | Court has ordered further briefing on whether the bank was victimized in the alleged fraud. |
| 158 | MOTION for BILL of PARTICULARS | DENIED | Indictment and discovery provided by the government adequately advise Defendant of the charges against him. |
| 159 | MOTION for BILL of PARTICULARS | DENIED | Indictment and discovery provided by the government adequately advise Defendant of the charges against him. |
| 160 | MOTION to DISMISS | DENIED AS MOOT | Second Superseding Indictment is no longer controlling. |
| 161 | MOTION to Order victims or witness' character details | DENIED WITHOUT PREJUDICE | Premature request for material that is impeaching of government witnesses under Giglio. |

| | | | |
|---|---|---|---|
| 162 | MOTION to Order Joinder of offenses, secure trial on one count of false statement | DENIED AS MOOT | Second Superseding Indictment is no longer controlling. |
| 164 | MOTION to Order Suppress Statement | DENIED | No basis to suppress statements made without an interpreter because Defendant has waived interpreter. Defendant has also failed to identify any statements made to law enforcement outside presence of counsel, while he was represented. |
| 165 | MOTION to Order Suppress Evidence 4th Amend Objection | DENIED | Voluntary production of documents by third party to law enforcement does not constitute a search and seizure under the Fourth Amendment. |
| 169 | MOTION to Order copy of storage media/mirror image | DENIED | Redacted versions produced by the Government fulfill its discovery obligations. |
| 170 | MOTION for an Order to produce certified images, pictures, video tape, videos from victim banks/walmart | MOOT/NOT A MOTION | Actually a request for discovery under Rule 16(a). See Doc. #62. |
| 171 | MOTION for DISCOVERY | DENIED WITHOUT PREJUDICE | Premature request for material that is impeaching of government witnesses under Giglio. |
| 175 | MOTION to STRIKE | DENIED AS MOOT | No prejudicial or inflammatory language is cited by Defendant. |
| 176 | MOTION for DISCOVERY and MOTION for DISCLOSURE | DENIED WITHOUT PREJUDICE | Premature request for material that is impeaching of government witnesses under Giglio. |

4

| | | | |
|---|---|---|---|
| 177 | MOTION to access grand jury composition | PENDING | Court has taken the issue of access to grand jury information under submission. |
| 187 | Motion for law library access | DENIED | Duplicative of Doc. #122, denied on 3/11/14. |
| 188 | Motion for transfer to BOP facility | DENIED | Duplicative of Doc. #151, denied on 3/11/14. |
| 201 | Motions for miscellaneous relief | DENIED | No new information has been provided in connection with this motion to reconsider. |
| 203 | MOTION to RECONSIDER the ruling on Motions for return of property | PENDING | Court has ordered further briefing on Defendant's underlying motion to suppress. |
| 203-1 | MOTION for RECONSIDERATION: Request for Forensic Expert | DENIED | No new information has been provided in connection with this motion to reconsider. |
| 204 | MOTION IN LIMINE and to dismiss Count 37 of the second superseding indictment | DENIED | There is no factual basis for the claims presented in this motion. |
| 205 | MOTION for RECONSIDERATION re 202 Status Conference hearing | DENIED | Duplicative of Doc. #122, denied on 3/11/14. |
| 206 | MOTION for RECONSIDERATION re 202 MINUTES | GRANTED in part, DENIED in part | Granted with regard to standby counsel. Denied with regard to all other aspects of the motion to reconsider, as no new information has been furnished by Defendant. |
| 207 | Motion to proceed in forma pauperis | DENIED AS MOOT | IFP status granted to Defendant in Doc. #182. |
| 211, 212, 215, 229, 230, and 231. | Requests for Criminal Investigation | DENIED | Defendant's claims lack any legal or factual support. |

| Doc | Motion | Ruling | Reason |
|---|---|---|---|
| 232, 233, and 234 | Requests for Subpoena Forms | DENIED | Requests are premature. |
| 235, 236, 238, and 244 | Requests for various materials | MOOT/NOT A MOTION | United States Attorney's Office has provided Defendant with full copy of the docket. |
| 237 and 239 | Requests for Local Rules and Federal Rules of Criminal Procedure | MOOT/NOT A MOTION | United States Attorney's Office has indicated that it provided these materials to Defendant. |
| 245 | MOTION for relief from 37 Order | DENIED | Magistrate Judge ordered forfeiture of bond on 3/7/13. Cites no authority for proposition that Fifth and Sixth Amendments are violated when court orders the forfeiture of bond posted by third party sureties. |
| 250 | MOTION to Quash the Appearance Bond filed on 4/16/12 as vague, null and void | DENIED | Magistrate Judge ordered forfeiture of bond on 3/7/13. Cites no authority for proposition that Fifth and Sixth Amendments are violated when court orders the forfeiture of bond posted by third party sureties. |
| 251 | MOTION to correct forensic evaluation report | DENIED | The motion is unnecessary as only the Court reviews the report, and Defendant cites no applicable authority for its motion. |
| 252 | MOTION to transfer defendant to a correctional facility as ordered in the detention order dated 3/11/13 | PENDING | The Court has taken the matter under further consideration. |
| 253 | MOTION to Quash the conditions of release | DENIED AS MOOT | Conditions of release were |

6

| | | | | |
|---|---|---|---|---|
| | | | | already found to have been violated. |
| | 254 | MOTION to dismiss pretrial services officer's petition filed on 3/1/13 | DENIED | Duplicative of Doc. #245 and Doc. #250, denied above. |
| | 255 | MOTION to DISMISS count 38 in 2nd superseding indictment | DENIED | Belied by the record: he was advised of conditions of release on 4/16/12 and signed "Notice to the Defendant Being Released" (Doc. #12). |
| | 256 | MOTION to Order"; "Notice of an alibi defense" | DENIED | Defendant's statement fails to meet requirements of Rule 12.1. Therefore, the United States is not obligated to make any disclosures. |
| | 257 | "MOTION to Order", "To Quash the Arrest Warrant #2:12-mj-93 DAD" | DENIED | (1) Arrest warrant sworn by United States Postal Inspector; (2) Arrest warrant referenced complaint and case number; (3) Defendant fails to show Magistrate Judge Drozd was not neutral; (4) Defendant cites no authority for argument that warrant must be directed to specific arresting officer; and (5) Defendant cites no authority for argument that arrest warrant must have seal. |
| | 258 | "MOTION to order"; "to quash the arrest warrant #8841415 executed on 3/9/13 | DENIED | (1) Arrest warrant was properly issued by Magistrate Judge at request of United States Attorney based on |

| | | | | |
|---|---|---|---|---|
| | | | | information provided to the Court by pre-trial services officer under oath. Defendant conceded violations of pre-trial release and did not request re-release on any new conditions (Doc. #41).  Procedure used to arrest Defendant and revoke his pretrial release was lawful. <u>United States v. Roland</u>, 2005 WL 2318866 (E.D. Va. Aug. 31, 2005). |
| | 259 | "MOTION to Order"; "Nullify, dismiss and quash investigations", | DENIED | Defendant fails to cite authority for argument that postal inspectors exceeded authority by investigating this case. |
| | 260 | "MOTION to Order"; "To nullify, quash and undo the official acts of U.S. Magistrate Judge E.F. Brennan | DENIED | Defendant fails to cite authority for argument that criminal complaints, petitions, arrest warrants, search warrants and orders are "jurats or certificates" which require a seal under 28 USC § 638(c) |
| | 261 | "MOTION to Order"; "To nullify, quash and undo the official acts of U.S. Magistrate Judge Dale A. Drozd | DENIED | Defendant fails to cite authority for argument that criminal complaints, petitions, arrest warrants, search warrants and orders are "jurats or certificates" which require a seal under 28 USC § 638(c) |

8

| | | | |
|---|---|---|---|
| 263 | MOTION to Order "to nullify, quash and undo the official acts dated 3/1/13 of Judge Carolyn K. Delaney | DENIED | Defendant fails to cite authority for argument that criminal complaints, petitions, arrest warrants, search warrants and orders are "jurats or certificates" which require a seal under 28 USC § 638(c) |
| 264 | "MOTION to Order", "to nullify, quash and undo the official acts of Judge Delaney dated 3/7/13, 3/21/13 and 2/13/14 against defendant Mehmood" | DENIED | Defendant fails to cite authority for argument that criminal complaints, petitions, arrest warrants, search warrants and orders are "jurats or certificates" which require a seal under 28 USC § 638(c) |
| 265 | "WRIT of Mandamus" "for emergency injunctive relief" | DENIED | Court lacks authority over County Jail. |

II.   MATTERS TAKEN UNDER CONSIDERATION

In accordance with its comments at the January 13, 2015 hearing, and consistent with the above chart, the following motions remain active, pending further briefing of the parties: Doc. #148, Doc. #157, and Doc. #203. The following motions have been taken under consideration, but no further briefing is necessary at this time: Doc. #177 and Doc. #252.

IT IS SO ORDERED.

Dated: February 2, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

9