1  **JENNIFER C. NOBLE, ESQ., CSBN 256952**
   **WISEMAN LAW GROUP, P.C.**
2     **1477 Drew Avenue, Suite 106**
      **Davis, California 95618**
3     **Telephone:    530.759.0700**
      **Facsimile:    530.759.0800**
4



5  **Advisory Counsel for Defendant**
   **YASIR MEHMOOD**
6

7                    IN THE UNITED STATES DISTRICT COURT

8                FOR THE EASTERN DISTRICT OF CALIFORNIA

9                           SACRAMENTO DIVISION

10  UNITED STATES OF AMERICA,          )  Case No.  12-CR-00154 JAM
                                       )
11                 Plaintiff,          )
                                       )
12         vs.                         )  **MOTION TO WITHDRAW AND TO**
                                       )  **APPOINT NEW ADVISORY**
13  YASIR MEHMOOD,                     )  **COUNSEL**
                                       )
14                 Defendants.         )
                                       )
15  _____)

16

17         JENNIFER C. NOBLE will move, and hereby does move, to withdraw as advisory

18  counsel of record for pro se defendant YASIR MEHMOOD in the above-captioned case.

19  Advisory counsel brings this motion on the grounds that she will no longer be practicing

20  criminal law and will be beginning a new position in another field, and therefore will be

21  unable to devote the time and resources to this case.

22         "An attorney may not withdraw as counsel except by leave of court." *Darby v.*

23  *City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Under 18 U.S.C. § 3006A(c), a

24  court may "in the interests of justice, substitute one appointed counsel for another at

25  any stage of the proceedings." United States v. McDaniel, 995 F. Supp. 1095, 1096 (C.D.

26  Cal. 1998). Permission to withdraw is discretionary. *See United States v. Carter*, 560

27  F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d

28  1081, 1087 (7th Cir. 1982).

1    In ruling on a motion to withdraw, courts have considered: "1) the reasons why
2  withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the
3  harm withdrawal might cause to the administration of justice; and 4) the degree to
4  which withdrawal will delay the resolution of the case." *CE Res., Inc. v. Magellan*
5  *Group*, LLC, 2009 U.S. Dist. LEXIS 100776, *4-5 (E.D. Cal. Oct. 14, 2009)

6    In addition, attorneys seeking to withdraw must comply with the standards of
7  professional conduct required of members of the State Bar of California. Under the
8  California Rules of Professional Conduct, withdrawal may be appropriate if the tribunal
9  will find the existence of good cause for withdrawal. California Rules of Professional
10  Conduct, Rule 3-700(C)(6). In withdrawing, a member of the California bar must take
11  reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client,
12  including giving due notice to the client, and allowing time for employment of other
13  counsel. California Rules of Professional Conduct, Rule 3-700(A)(2).

14    Undersigned advisory counsel believes that the fact that she will no longer be
15  practicing in this area of law, and therefore no longer have the time or resources to
16  devote to Mr. MEMOOD's case, is good cause for withdrawal. In making this motion,
17  undersigned advisory counsel is attempting to take reasonable steps to give Mr.
18  MEHMOOD due notice and to ensure that Mr. MEHMOOD has reasonable time for
19  obtaining other advisory counsel, if he should so desire.

20    At this stage in the proceedings, the only scheduled court date is an evidentiary
21  hearing set for November 10, 2015. No trial date has yet been scheduled. Undersigned
22  advisory counsel is unaware of any prejudice to either party, or of any unnecessary delay
23  that could result from her withdrawal.

24    It is requested, both by undersigned advisory counsel and by YASIR MEHMOOD
25  that this matter be resolved without a hearing, and that new advisory counsel be
26  immediately appointed. This would allow for Mr. MEHMOOD to avoid unnecessary
27  transfers for this matter, and to further ensure no unnecessary delay in his proceedings.
28  / / / / /

Attorney J. Toney has agreed to become advisory counsel for Mr. MEHMOOD and requests that the court appoint him as advisory counsel.

## CONCLUSION

For the above mentioned reasons, therefore, JENNIFER C. NOBLE thereby requests this court to grant her request to withdraw as advisory counsel, and for new advisory counsel to be appointed.

Dated: September 9, 2015                    Respectfully submitted,

                                            WISEMAN LAW GROUP, P.C.

                                            By: /s/ Jennifer C. Noble
                                            JENNIFER C. NOBLE

                                            Advisory Counsel for Defendant
                                            YASIR MEHMOOD


I understand that my advisory counsel, JENNIFER C. NOBLE, is requesting to withdraw from my case. If this is granted, I request that new advisory counsel be immediately appointed on my behalf. I also request that this matter be resolved without a hearing.


Dated: _____                    By:  _____
                                            YASIR MEHMOOD
                                            Signature on file


I accept appointment as advisory counsel for defendant YASIR MEHMOOD.

Dated:                                   By:   /s/ J Toney
                                            J TONEY

1

## __ORDER__

2

     UPON GOOD CAUSE SHOWN, it is ordered that JENNIFER C. NOBLE may

3

withdraw as counsel, and that the Federal Defenders' Office immediately appoint J.

4

TONEY as advisory counsel for defendant YASIR MEHMOOD.

5

IT IS SO ORDERED.

6

7

Dated: _10-14-2015_

8

JOHN A. MENDEZ

9

United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28