McGREGOR W. SCOTT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America



FILED

MAY 22 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YASIR MEHMOOD,<br><br>Defendant. | CASE NO. 2:12-CR-00154-JAM<br><br>UNITED STATES'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE OF RESTITUTION HEARING<br><br>DATE: June 5, 2018<br>TIME: 9:45 a.m.<br>COURT: Hon. John A. Mendez |

I. INTRODUCTION

This case is set for a restitution hearing on June 5, 2018 at 9:45 am. On May 14, 2018, Defendant Yasir Mehmood moved for a further continuance of the restitution hearing. (ECF #499).

The United States does not oppose the request for one final continuance of the hearing. However, the United States believes that its restitution motion establishes the appropriate restitution amount by a preponderance of the evidence, and believes that after giving the Defendant an opportunity to respond to the United States' motion, the Court should order restitution on the pleadings. (Doc. 475); 18 U.S.C. § 3664(e); *United States v. Topilina*, 593 Fed.Appx. 639 (9th Cir. Feb. 4, 2015) (holding that although a live restitution hearing is not required, once a district court indicates it will hold a hearing, due process requires notice and opportunity to raise arguments opposing restitution).

To afford Defendant the opportunity to object to the government's restitution motion, the government requests the Court allow defendant 90 days to file a written Opposition to the government's restitution motion (ECF #475)(Attached hereto as Exhibit A). The United States will then have 14 days

1

to reply to the Defendant's Opposition. The Court can then take the matter under submission; or hold a live hearing if there are issues of fact that remain to be resolved.

## II. BACKGROUND

On May 17, 2016, Defendant pleaded guilty to one count of Bank Fraud (in violation of 18 U.S.C. § 1344) and one count of aggravated identity theft (in violation of 18 U.S.C. § 1028A). (ECF #416). The Court held a sentencing hearing on February 14, 2017. (ECF #456). Defendant was sentenced to 54 months imprisonment. *Id.*

The Court set a restitution hearing for May 9, 2017. *Id.* On May 2, 2017, the United States filed a Restitution Memorandum, setting forth its restitution recommendation. (ECF #475). The Restitution Motion, requested the Court order restitution in the amount of $54,275.98 and attached redacted copies of the victims' claims in the case. *Id.*

On May 5, 2017, the United States sought, and was granted, a 60 day continuance to allow it additional time to attempt to arrange transportation for Defendant, who had been released from Bureau of Prisons custody to Department of Homeland Security custody. (ECF #476, 477). The hearing was set for June 6, 2017. *Id.*

On May 18, 2017, Defendant sought a 6 month continuance of the restitution hearing. (ECF #479). The Court granted the motion on May 19, 2017, and the hearing was reset to December 5, 2017. (ECF #480).

On October 29, 2017, Defendant filed a motion to dismiss the restitution hearing, citing to *United States v. Tsosie*, 639 F. 3d 1213, 1218 (9th Cir. 2011).

On November 6, 2017, Defendant moved for another continuance of "6-9 months" for medical reasons. (ECF #490). The government did not oppose the request. The Court continued the restitution hearing to June 5, 2018. (ECF #494).

On May 14, 2018, the Defendant filed the instant (and third) motion for continuance, requesting another six months for medical reasons (ECF #499).

Defendant is presently in ICE custody at the Krome Service Processing Center in Miami, Florida. As the Court is aware, Defendant created numerous issues for the United States Marshals Service (USMS) during its pre-trial detention of Defendant. After the Defendant filed a series of

unsubstantiated grievances, made allegations of assault that were found to be frivolous, abused law library privileges, etc., the USMS was unable to locate any contract facilities in the Sacramento area who would agree to house the Defendant. During the case, he made false allegations that agents abused him, filed several frivolous lawsuits[1], filed over 100 pretrial motions (many of them repetitive and unfounded), sent harassing letters to the U.S. Attorney's Office and the Postal Inspection Service, and filed 20 appeals[2] to the Ninth Circuit.

This activity has continued post-conviction. This year alone, has since filed several civil lawsuits in this District against members of the U.S. Attorney's Office, the Postal Inspection Service, and his ex-wife, none of which, to date, have been proven to have merit. *See, e.g., Mehmood v. Sarani*, Case No. 2:17-cv-00970-KJM-AC (E.D.Cal. 2017); *Mehmood v. Citibank, N.A.*, Case No. 2:17-cv-02689-MCE-AC (E.D.Cal. 2017); *Mehmood v. USA et al*, Case No. 2:18-cv-00136-CKD (E.D.Cal. 2018); *Mehmood v. Sarani et al*, Case No. 2:18-cv-00254-TLN-AC (E.D.Cal. 2018); *Mehmood v.*

---

[1] *See, e.g.*, Mehmood v. Chavez, et al., Case No. 2:13-CV-2324-AC (E.D.Cal. 2013) (seeking return of seized van; case dismissed); Mehmood v. United States Postal Inspection Service, Case No. 2:13-cv-02353-CKD (E.D.Cal. 2013) (seeking return of seized cash; case dismissed); Mehmood v. US Marshal Service et al, Case No. 2:13-cv-02408-MCE-AC (E.D.Cal. 2013) (claiming failure of jail to protect him from religious discrimination; case dismissed); Nelson et al v. Sacramento County Mail Jail, Case No. 2:14-cv-00882-CKD (E.D.Cal. 2014)(challenging food, conditions and lack of coolaid at Sacramento County jail; case dismissed); Mehmood v. Andris, et al. 2:14-cv-01613-TLN-AC (E.D.Cal. 2013)(challenging his legal representation, the U.S. Attorney's office, lack of law library office and seeking emergency relief; case dismissed); Mehmood v. U.S. Marshals Service et al., 2:14-cv-02075-CKD (E.D.Cal. 2014)(challenging foodservice on religious grounds; case dismissed); Mehmood v. Andris et al, 2:15-cv-00043-JAM-AC (PC) (E.D.Cal. 2015)(attempted qui tam lawsuit for fraud by jail staff; case dismissed); Mehmood v. Falk, 2:15-cv-00673-MCE-EFB (E.D.Cal. 2015)( lawsuit alleging negligent housing; case dismissed); Mehmood v. Chavez et al., 2:15-cv-01695-KJM-CKD (E.D.Cal. 2015) (lawsuit alleging constitutional violations against 54 public entity/individual defendants; case dismissed); Mehmood v. Delaney et al., 2:15-cv-01994-AC (PC) (E.D.Cal. 2015) (suing U.S. Magistrate Judge Carolyn Delaney and Pre-trial services; case dismissed); Mehmood v. Solander et al., 2:16-cv-00546-KJM-AC (PC) (E.D.Cal. 2016)(suing various members of the United States Postal Inspection Service; case dismissed).

[2] Case 13-10482, USA v. Yasir Mehmood; Case 14-10199, USA v. Yasir Mehmood; Case 14-17036, Yasir Mehmood v. Unknown; Case 14-71925, Yasir Mehmood v. USDC-SAC; Case 14-72378, Yasir Mehmood v. USDC-SAC; Case 14-72928, Yasir Mehmood v. USDC-SAC; Case 15-10069, USA v. Yasir Mehmood; Case 15-15476, Yasir Mehmood v. Andris, et al; Case 15-16387, Yasir Mehmood v. Andris, et al; Case 15-16745, Yasir Mehmood v. Andris, et al; Case 15-17087, Yasir Mehmood v. Brennan, et al.; Case 15-17088, Yasir Mehmood v. NSDC, CCA, et al; Case 15-17089, Yasir Mehmood v. Trinity Services Group, Inc., et al; Case #15-17097, Yasir Mehmood v. Nevada Southern Detention Cent, et al; Case 15-17299, Yasir Mehmood v. Gregory Hollows, et al; Case 15-17506, Yasir Mehmood v. U.S. Marshals Service, et al; Case 15-72711, Yasir Mehmood v. USDC-SAC; Case 15-72954, Yasir Mehmood v. USDC-SAC; Case 15-73898, Yasir Mehmood v. USDC-SAC; Case #15-80224, In re: Yasir Mehmood; Case 17-10102, USA v. Yasir Mehmood

*Spivak et al*, Case No. 2:18-cv-00590-WBS-CKD (E.D.Cal. 2018).

According to the Chief Counsel's Office for the Department of Homeland Security, Immigration and Customs Enforcement (ICE), ICE will not house him in one of its facilities in Sacramento because of prior issues Defendant has created. In talking to the Marshals Service in Sacramento, they also lack housing for him in Sacramento because no local jails will house him.

III. ARGUMENT

The United States requests that the Court enter a restitution order based the United States' Restitution memorandum filed on May 2, 2017 (Doc. 475). The restitution memorandum attached the claims received from individuals and financial institutions that suffered losses as a result of defendant's criminal conduct in this case.

To comply with due process, the United States believes the Defendant should be afforded an opportunity to file a written opposition to the United States' restitution request. *See United States v. Topilina*, 593 Fed.Appx. 639 (9th Cir. Feb. 4, 2015) (holding that although a live restitution hearing is not required, once a district court indicates it will hold a hearing, due process requires notice and opportunity to raise arguments opposing restitution).

A. Legal Background

"[T]he purpose of the [Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A] is to fully compensate victims for their losses, and to restore victims to their original state prior to the criminal act." United States v. Kaplan, 839 F.3d 795, 800 (9th Cir. 2016). Under the MVRA, a court must order a defendant who has committed specified offenses, including wire fraud and mail fraud, to make restitution to the victims of those offenses. See 18 U.S.C. § 3663A; *United States v. Lo*, 839 F.3d 777, 788 (9th Cir. 2016).

The MVRA generally defines "victim" to mean a "person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered...." 18 U.S.C. § 3663A(a)(2). However, in the cases of offenses involving "as an element a scheme, conspiracy, or a pattern of criminal activity," such as mail fraud and wire fraud, the definition of "victim" also includes "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." See 18 U.S.C. § 3663A(a)(2); *Lo*, 839 F.3d at 788.

Accordingly, when the crime of conviction is mail fraud or wire fraud, a court is authorized to order restitution "for all persons directly harmed by the entire scheme." In re Her Majesty the Queen in Right of Canada ("In re Her Majesty"), 785 F.3d 1273, 1276 (9th Cir. 2015). "In this context, a restitution order may be based on related but uncharged conduct" so long as it is part of the fraud scheme for which the defendant has been convicted. *Id.*

"Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." Section 3664(e). While "[t]he MVRA requires ... some precision when calculating restitution [,].... exact precision is not required and district courts do have a degree of flexibility in accounting for a victim's complete losses." *Id.* at 951. "Nothing in the MVRA or [Ninth Circuit] case law requires that the district court consider certain factors or make findings of fact on the record." *United States v. Peterson*, 538 F.3d 1064, 1077 (9th Cir. 2008). "[A] reasonable estimate will suffice." *Anderson*, 741 F.3d at 951 (internal quotation marks omitted).

A district court is not required by statute to hold a restitution hearing. *See* 18 U.S.C. § 3664(d)(4), *United States v. Topilina*, 593 Fed.Appx. 639 (9th Cir. Feb. 4, 2015).

Yet once a district court has indicated it will hold a hearing, due process requires the court provide a defendant notice and an opportunity to challenge the restitution claim. *Topilina*, 593 Fed.Appx. 639.

B. <u>The Court Should Allow Defendant 90 Days to Respond to the United States's Restitution Memorandum, then Order Restitution on the Written Pleadings (Ordering Supplemental Briefing if appropriate)</u>

The United States's Motion for restitution attaches two reports from United States Postal Inspector Michael Chavez. (ECF #475-1 and 475-2). Inspector Chavez prepared his reports by compiling the restitution claims submitted by the victims in the case. *Id.* He explained that the Postal Inspection Service and the US Attorney's Office sent victim notifications to victims of Defendant's fraud and received claims in response. Those restitution claims were attached to the Chavez Reports and included as part of the Restitution Memorandum.

The United States does not believe there is a material dispute as to the accuracy of the claims. The United States believes it has established its restitution claim by a preponderance of the evidence.

C. <u>Defendant's Motions and Arguments Against Restitution Fail</u>

Defendant's motions and filings in opposition to restitution fail. His primary argument is that he cannot be ordered to pay approximately $50,000 in restitution because he only pleaded guilty to one count of bank fraud. (Motion to Dismiss Restitution, ECF#489)(*citing United States v. Batson*, 608 F.3d 630 (9th Cir. 2010)). Yet *Batson* did not involve a scheme; this case did. Defendant pleaded guilty to one count of a Bank Fraud Scheme (*see* Second Superseding Indictment ECF #107). Thus, restitution should be ordered to all victims of Mehmood's bank fraud scheme. *In re Her Majesty the Queen in Right of Canada* ("In re Her Majesty"), 785 F.3d 1273, 1276 (9th Cir. 2015) (restitution order may be based on related but uncharged conduct so long as it is part of the fraud scheme for which the defendant has been convicted.)

Defendant also urges that his appellate waiver is not knowing and voluntary as to restitution because it did not set forth a range of restitution. *United States v. Tsosie*, 639 F.3d 1213 (9th Cir. 2015). The plea agreement did state specifically under the header "Restitution" that the approximately $51,000 seized from defendant in this case could be applied towards restitution, or to a criminal fine if the amount of restitution ordered did not exceed $51,000. (Plea Agreement ECF #418 at 3). Thus, the United States believes that Defendant's plea agreement did include a "reasonably accurate estimate" of the $54,275.98 in restitution it now seeks. *Tsosie*, 639 F.3d at 1217; *United States v. Lo*, 839 F.3d 777 (9th Cir. 2015). In any case, the knowingness and voluntariness of Defendant's appellate waiver is not presently an issue before for this Court.

///
///
///
///
///
///
///
///
///

IV. CONCLUSION

The United States does not oppose one final continuance of the restitution hearing. But given the facts of this case, the lack of factual dispute (as far as the United States is aware) about the accuracy of the restitution claims, and Defendant's prior conduct, the United States requests the Court order the Defendant to file a written opposition within 90 days, order the United States 14 days to reply, then order restitution without a hearing. The United States will gladly submit any supplemental briefing on its restitution claim, as requested by the Court.

Dated: May 18, 2018

McGREGOR W. SCOTT
United States Attorney

By: /s/ JEFFREY A. SPIVAK
JEFFREY A. SPIVAK
Assistant United States Attorney

## ORDER

The Restitution Hearing Set for June 5, 2018 at 9:45 am is continued to December 4, 2018 at 9:15 am.

The Defendant is ORDERED to File his Opposition to the United States' Restitution Memorandum (ECF #475) by September 4, 2018.

The United States is ordered to file a reply (if desired) by September 18, 2018.

*The Court reserves the right to decide the United States Motion for Restitution on the briefs and without a hearing.*

IT IS SO ORDERED.

HON. JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

7