UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:12-cr-00154-JAM-AC-1 |
|---|---|
| Respondent, | |
| v. | ORDER |
| YASIR MEHMOOD, | |
| Movant. | |

Movant is a former federal prisoner, recently deported to Pakistan, who proceeds pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 550. Movant has provided the court with his new mailing address, in care of a Pakistani attorney. Additionally, due to alleged inconveniences associated with international mail, movant requests that he be provided access to the court's Case Management / Electronic Case Files (CM/ECF) system and be served court documents at his personal email address. ECF No. 567.

Under Local Rule 133(b)(2), a pro se party "may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." (Original emphasis.) Requests to utilize electronic filing must be made by written motion pursuant Local Rule 133(b)(3), "setting out an explanation of reasons for the exception." Here movant, by motion, explains that according him CM/ECF access would "help me and the court to file docs promptly" because "it takes at least 60 days to 75 days for international mail from Pakistan to reach USA as it is not air courier." ECF No. 567 at 1-2.

1

| | |
|---|---|
| 1 | The court does not find this a compelling reason to make the requested exception in this case at this time. Briefing on movant's Section 2255 motion is complete with the exception of his reply brief. Movant was informed by order filed December 13, 2019, that his reply, if any, was due 30 days after service of respondent's opposition. ECF No. 564. That order was served by mail on the same date to movant at his last place of incarceration. Although movant informs the court that he was deported two days later, on December 15, 2019, the docket does not reflect that service of the court's order was unsuccessful. |

The court does not find this a compelling reason to make the requested exception in this case at this time. Briefing on movant's Section 2255 motion is complete with the exception of his reply brief. Movant was informed by order filed December 13, 2019, that his reply, if any, was due 30 days after service of respondent's opposition. ECF No. 564. That order was served by mail on the same date to movant at his last place of incarceration. Although movant informs the court that he was deported two days later, on December 15, 2019, the docket does not reflect that service of the court's order was unsuccessful.

Respondent filed its opposition on February 18, 2020, ECF No. 565, which was served by mail on movant at his Pakistani address on February 20, 2020, ECF No. 566. Therefore, movant's reply is due Monday, March 23, 2020. Should movant mail his traverse after this date, he shall demonstrate good cause for such delay by submitting an affidavit with appropriate exhibits demonstrating the timeliness of his efforts.

Accordingly, movant's motion to be accorded access to the court's CM/ECF system and be served court documents at his personal email address, ECF No. 567, are DENIED.

IT IS SO ORDERED.

DATED: February 27, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE