UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:12-cr-0154 DAD AC |
|---|---|
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATION |
| YASIR MEHMOOD, | |
| Movant. | |

Movant is a federal prisoner proceeding pro se on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 550. The United States has filed an opposition (ECF No. 565), to which movant has replied (ECF No. 572). For the reasons set forth below, the undersigned recommends that the motion be denied as barred by movant's waiver of collateral review.

I.  Relevant Procedural Background

Movant was charged with twenty-four counts of bank fraud in violation of 18 U.S.C. § 1344 (1) & (2), four counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), six counts of false statements in violation of 18 U.S.C. § 1001, obtaining U.S. mail by fraud in violation of 18 U.S.C. § 1708, two counts of possession of fifteen more devices in violation of 18 U.S.C. § 1029(a)(3), and offense while on release in violation of 18 U.S.C. § 3147. ECF No. 107.

////

On May 17, 2016, while proceeding pro se, movant entered a plea of guilty to Count 10 (bank fraud) and Count 25 (aggravated identity theft) pursuant to a plea agreement. ECF No. 418. The plea agreement set forth the elements of the offenses and the factual basis for the plea is attached to the plea agreement. Id. at 7-8, 12. Movant acknowledged his understanding of the elements and affirmed the factual basis in open court. ECF No. 423 (transcript) at 11:4-12:1. The plea agreement also included a waiver of appeal and collateral attack, ECF No. 418 at 9-10, which movant affirmed during the plea colloquy. ECF No. 423 at 10:1-5. Advisory counsel was present at the plea colloquy and movant was advised that he could speak to counsel at any time during the proceedings. Id. at 3:16-17.

Before accepting the plea agreement, the district court judge found that movant was "fully competent and capable of entering an informed plea" and that movant had "made a voluntary, knowing, and intelligent waiver of his constitutional rights." Id. at 12:19-13:1. Movant was sentenced to a total of fifty-four months imprisonment and sixty months of supervised release. ECF No. 457.

Movant filed a notice of appeal. ECF No. 464. The Ninth Circuit dismissed the appeal, finding movant had waived his right to appeal and that the record "discloses no arguable issue as to the validity of the waiver." ECF No. 525 at 3. Movant then filed another notice of appeal regarding the district judge's order denying a second mental competency exam and granting the government's request for restitution. ECF No. 545. That appeal was pending when the instant § 2255 motion was filed, but has since been resolved with the Ninth Circuit affirming the order and finding "no constitutional infirmities that might invalidate Mehmood's appellate waiver."[1] ECF No. 577.

II.   Waiver of Post-Conviction Review

A defendant may waive the statutory right to collaterally attack his sentence or conviction. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). An appellate waiver "is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised,

---

[1] The appeal dealt with movant's competency relative to the restitution phase of the proceedings. See ECF No. 577.

and if the waiver was knowingly and voluntarily made." United States v. Joyce, 357 F.3d 921, 922 (9th Cir. 2004). A reviewing court looks "to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996) (citation omitted).

In this case, the language of movant's waiver was broad:

> **B. Waiver of Appeal and Collateral Attack.**
>
> The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea(s), however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum(s) for the offense(s) to which he is pleading guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.
>
> Notwithstanding the defendant's waiver of appeal, the defendant will retain the right of appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in this case. The defendant understands that these circumstances occur infrequently and that in all other cases this Agreement constitutes a complete waiver of all appellate rights.
>
> In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of his guilty plea, conviction, or sentence, except for non-waivable claims.

ECF No. 418 at 9-10.

This language plainly states that movant gave up any right to appeal except in the event the sentence exceeded the statutory maximum or the government appealed the sentence. It also clearly provided that regardless of movant's sentence, he waived all potential grounds for relief under § 2255 except those that are not waivable. The sentence imposed on movant did not exceed the statutory maximum and the government did not appeal. Instead, movant attempts to argue that his claim for relief was not waivable.

In his motion, movant argues that jurisdictional challenges cannot be waived, and that the district court lacked jurisdiction over the case because Amex was not FDIC insured and therefore was not a financial institution within the meaning of the statute and that the indictment did not

1 sufficiently allege that Amex was FDIC insured. ECF No. 550. In response to respondent's
2 opposition, he reiterates these arguments and further argues that the plea agreement did not
3 include an express waiver of appeal. ECF No. 572.

4 "[B]ecause it involves a court's power to hear a case, [subject matter jurisdiction] can
5 never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). However,
6 despite movant's attempt to frame his claim as one of subject matter jurisdiction, defects in an
7 indictment, including the failure to charge a crime against the United States, "do not deprive a
8 court of its power to adjudicate a case" and instead go to the merits of the case.[2] Id. at 630-31;
9 United States v. Sandeen, 105 F.4th 1173, 1177 ("'[a]n objection that the indictment does not
10 charge a crime against the United States' is not jurisdictional" (alteration in original) (quoting
11 United States v. Draper, 84 F.4th 797, 801-02 (9th Cir. 2023))). Similarly, "courts have
12 consistently determined that the jurisdictional element of federal crimes does not present a pure
13 question of the court's subject-matter jurisdiction," and the Ninth Circuit has held that "defects in
14 the government's evidence regarding a bank's federally-insured status . . . go to the merits of the
15 case," not its subject-matter jurisdiction. United States v. Ratigan, 351 F.3d 957, 963 (9th Cir.
16 2003). Since movant's waiver contains no exception for challenges regarding the sufficiency of
17 the evidence, his claim is barred.

18 For these reasons, none of the limited circumstances in which post-conviction review
19 remains available under the plain language of the agreement exist. Because the claims in the
20 § 2255 motion come within the scope of the waiver, the first requirement for enforceability is
21 satisfied.

22 As for the voluntariness of the waiver, contrary to movant's assertion, the plea agreement
23 included a clear and express waiver of his right to appeal, ECF No. 418 at 9-10, and movant
24 acknowledged that waiver during the plea colloquy, ECF No. 423 at 10:1-5. The transcript of the
25 plea colloquy further reflects that movant understood the rights he was waiving, that advice

---

[2] The court further notes that movant's assertions that the indictment did not allege Amex was FDIC insured are clearly disproven by the record as the indictment alleged in multiple places that the financial institutions involved were federally insured. ECF No. 107 at 3:1, 20, 24-25; 4:4-5, 17-18.

4

counsel was present, and that movant voluntarily chose to give up his rights—including the right to post-conviction review—in order to obtain the benefit of his bargain. See ECF No. 423 at 3:16-17 (advising movant he could speak to advice counsel at any time during proceedings), 4:10-12 (affirming voluntariness of plea), 4:22-6:7 (reciting terms of agreement for movant and government), 10:1-5 (acknowledging waiver of appeal), 12:19-25 (finding movant competent and capable of entering informed plea and that waiver of rights was "voluntary, knowing, and intelligent"). Movant was specifically informed by the district judge of the terms of the waiver of appeal and collateral attack (id. at 10:1-5), as required. See United States v. Lo, 839 F.3d 777, 784 (9th Cir. 2016) (district court required to inform defendant of any provision waiving right to appeal or collaterally attack sentence). Aside from arguing the plea agreement did not include an express waiver of the right to appeal, which is wholly contradicted by the record, movant has made no argument and proffered no facts that would call the knowing and voluntary nature of the waiver into question. Accordingly, the circumstances before the court establish that the waiver was valid.

For the reasons set forth above, the undersigned finds that all the circumstances before the court indicate that the waiver was valid and the grounds raised within the § 2255 motion fall within the waiver. The waiver is therefore enforceable and requires dismissal of the § 2255 motion. See United States v. Goodall, 21 F.4th 555, 561 (9th Cir. 2021) (waiver enforceable where encompasses right to appeal on grounds raised and was knowingly and voluntarily made).

## CONCLUSION

For the reasons explained above, it is HEREBY RECOMMENDED that the § 2255 motion (ECF No. 550) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to

1 | which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed
2 | within seven days after service of the objections.  The parties are advised that failure to file
3 | objections within the specified time may waive the right to appeal the District Court's order.
4 | Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5 | DATED: June 27, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE