UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>YASIR MEHMOOD,<br><br>　　　　　Defendant-Movant. | No. 2:12-cr-00154-DAD-AC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT-MOVANT'S § 2255 MOTION<br><br>(Doc. Nos. 550, 580) |

On May 17, 2016, movant Yasir Mehmood entered pleas of guilty, pursuant to a plea agreement, to bank fraud in violation of 18 U.S.C. § 1344 and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (Doc. No. 418.) His plea agreement included a waiver of his right to appeal or collaterally attack his entry of plea or sentence absent very limited circumstances. (Doc. No. 418 at 9–10; *see also* Doc. No. 423 at 10.) Thereafter, on February 14, 2017, movant was sentenced by United States District Judge John A. Mendez to a fifty-four month total term of imprisonment with a sixty month term of supervised release to follow. (Doc. Nos. 456, 457.) Thereafter, movant filed a notice of appeal. (Doc. No. 464.) Ultimately, on October 6, 2020, the Ninth Circuit affirmed movant's conviction, finding "no constitutional infirmities that might invalidate Mehmood's appellate waiver." (Doc. Nos. 574, 577.)

/////

1

On November 4, 2019, while his appeal was before the Ninth Circuit, movant filed the pending § 2255 motion in which he asserted that federal jurisdiction was lacking over the bank fraud and aggravated identity theft charges brought against him and that his waiver of his collateral attack and appellate rights did not bar a challenge to his convictions brought on that basis. (Doc. No. 550 at 3–9.) On February 18, 2020, respondent opposed the pending § 2255 motion. (Doc. No. 565.)

On June 27, 2025, the assigned magistrate judge issued findings and recommendations recommending that movant's § 2255 motion be denied. (Doc. No. 580.) Specifically, the magistrate judge found that movant's waiver of his appellate and collateral attack rights was valid and the claims raised in his § 2255 motion clearly fell within the scope of that valid waiver. (*Id.* at 5.) Accordingly, the magistrate judge concluded that movant's waiver of his appellate and collateral attack rights was enforceable and required dismissal of his § 2255 motion. (*Id.*) (citing *United States v. Goodall*, 21 F.4th 555, 561 (9th Cir. 2021)).

Those findings and recommendations were served upon movant at his address of record and contained notice that any objections thereto were to be filed within fourteen (14) days after service of the findings and recommendations. (*Id.*) To date no objections to the pending findings and recommendations have been filed and the time in which to do so has passed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending § 2255 motion must be denied, the court also declines to issue a certificate of appealability. In this regard, a movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. *See* 28

---

[1] It is noted that movant has not filed a notice of change of address with the court as required even though the U.S. Bureau of Prisons (BOP) inmate locator website reflects that he has not been in BOP custody since May 8, 2019. Movant has filed documents in this action with the court after his apparent release from custody reflecting that he is apparently residing in Pakistan. (*See* Doc. No. 572 at 28.) Nonetheless, the pending finding and recommendations served on movant at his address of record have not been returned to the court as undeliverable and, as noted, no objections to those findings and recommendations have been filed.

2

U.S.C. § 2253(c); Fed. R. App. P. 22(b).  To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Here, movant has failed to make such a showing and, therefore, this court will decline to issue a certificate of appealability.

For the reasons explained above:

1. The findings and recommendations filed on June 27, 2025 (Doc. No. 580) are ADOPTED in full;
2. Movant's motion to vacate, set aside or correct sentence pursuant to § 2255 (Doc. No. 550) is DENIED and DISMISSED;
3. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and
4. The Clerk of Court is directed to CLOSE this case once again.

IT IS SO ORDERED.

Dated:  **August 21, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE